that the good cause provision 'is provided to take care of unanticipated circumstances' and that good cause means 'a substantial reason that affords legal excuse[.]' " State v. Abregano, 136 Hawai'i 489, 497, 363 P.3d 838, 846 (2015) (citations omitted).

In Senteno, the supreme court held that a nearly five-month period that the defendant was without local counsel after his prior local counsel was permitted to withdraw was excludable under the "good cause" provision of .HRPP Rule 48(c) (8). Senteno, 69 Haw. at 368, 742 P.2d at 373.[7] The supreme court reasoned that "[b]ecause trial could not proceed in the absence of trial counsel or a waiver of the right to counsel, this period was excluded under the 'good cause' provision of subsection (c)(8)." Id.

Choy Foo argues that Senteno is distinguishable because the defendant in Senteno was unrepresented by counsel as a result of the trial court's permitting his counsel to withdraw whereas Choy Foo had not previously been represented by counsel. We fail to see how this distinction defeats the existence of good cause in this case. Both the defendant in Senteno and Choy Foo were not represented by counsel during the time period at issue. As a result, trial in both cases "could not proceed in the absence of trial counsel or a waiver of counsel," which was the supreme court's basis for finding good cause for the delay in Senteno.

Choy Foo also attempts to distinguish Senteno by arguing that the twenty-one day delay in this case was not an "unanticipated" circumstance because the twenty-one day continuance was a common occurrence in District Court. We disagree. The District Court does not know whether a defendant will appear without counsel or will be in need of court-appointed counsel until the defendant makes his or her first appearance in court. Thus, the District Court is unable to take steps to address the defendant's need for representation by counsel until the defendant appears in court. Even if it is a common occurrence for defendants in general to make their first appearance in District Court without a lawyer, that does not mean that the

District Court can anticipate in advance that a particular defendant will appear without counsel and avoid that occurrence in a particular case. Accordingly, we conclude that Choy Foo's appearance without counsel was an unanticipated circumstance and that the twenty-one day delay to afford him the opportunity to seek counsel through the Public Defender's Office was a period of delay for "good cause" under HRPP Rule 48(c)(8).

### CONCLUSION

Based on the foregoing, we conclude that the speedy trial time limits of HRPP Rule 48 were not violated in this case. We vacate the Circuit Court's Dismissal Order and remand the case for further proceedings consistent with this Opinion.

389 P.3d 941

**Lisa DURDA, Plaintiff-Appellee,**

v.

**ION GENIUS, INC., a Hawai'i corporation, Defendant-Appellant,**

and

**Xanya Sofra-Weiss, John Does 1-10; Jane Does 1-10; Doe Corporations 1-10; Doe Partnerships 1-10; and Doe Entities 1-10, Defendants,**

and

**Ion Genius, Inc., a Hawai'i corporation, and Xanya Sofra-Weiss, Third-Party Plaintiffs-Appellants,**

v.

**Gena Costales, Third-Party Defendant-Appellee**

**NO. CAAP-13-0000420**

Intermediate Court of Appeals of Hawai'i.

DATED: Honolulu, Hawai'i, February 15, 2017.

---

7. In Senteno, co-defendants George Steven Senteno and Frank Peter Gallegos (Gallegos) appealed their convictions. Only Gallegos raised a claim under HRPP Rule 48. Senteno, 69 Haw. at 364, 368, 742 P.2d at 370, 373.

## MEMORANDUM OPINION

Remand.

389 P.3d 942

**STATE of Hawai'i, Plaintiff-Appellant,**

v.

**Rebecca VETTER, Defendant-Appellee**

**NO. CAAP-16-0000336**

Intermediate Court of Appeals of Hawai'i.

DATED: Honolulu, Hawai'i,
February 15, 2017.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT (CR. NO. 16-1-0139)

## SUMMARY DISPOSITION ORDER

Vacated. Remanded.

389 P.3d 942

**Gina GILLUM, Appellant-Appellant,**

v.

**STATE of Hawai'i, DEPARTMENT OF HUMAN SERVICES,**
Appellee-Appellee

**NO. CAAP-14-0000801**

Intermediate Court of Appeals of Hawai'i.

DATED: Honolulu, Hawai'i,
February 24, 2017.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT (CIVIL NO. 13-1-0532-02 RAN)

## MEMORANDUM OPINION

Affirm.

389 P.3d 942

**STATE of Hawai'i, Plaintiff-Appellee,**

v.

**Hunnie VAA, Defendant-Appellant.**

**NO. CAAP-16-0000007**

Intermediate Court of Appeals of Hawai'i.

DATED: Honolulu, Hawai'i,
February 24, 2017.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT (HONOLULU DIVISION) (CASE NO. 1P1120007061)

## SUMMARY DISPOSITION ORDER

Vacate. Remand.

389 P.3d 942

**Michael PLUMER, Plaintiff-Appellee,**

v.

**Krystyn WARKUS, Defendant-Appellant**

**NO. CAAP-15-0000028**

Intermediate Court of Appeals of Hawai'i.

DATED: Honolulu, Hawai'i,
February 24, 2017.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT (FC-D NO. 09-1-0221)